**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2012

Lyle W. Cayce
Clerk

No. 11-30580
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS J. WALLS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-122-1

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marcus J. Walls appeals his conviction for being a felon in possession of a firearm, for which he received a sentence of 51 months in prison. He contends that the evidence is insufficient to prove that he knowingly possessed the firearm in question. In support of this assertion, he points to evidence that he presented at trial which showed that the gun belonged to his wife and that she had left it in Walls's car shortly before his arrest.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30580

Walls moved for a judgment of acquittal at the close of the Government's case, but the district court deferred ruling on Walls's motion. As a result, we may review only the evidence adduced during the Government's case-in-chief. *See* FED. R. CRIM. P. 29(b). The parties dispute whether we should review the sufficiency claim de novo or for plain error, given that Walls failed to renew his motion for a judgment of acquittal at the close of all the evidence. *See United States v. Delgado*, 672 F.3d 320, 328-31 & n.9 (5th Cir. 2012) (en banc); *United States v. Harris*, 666 F.3d 905, 907 (5th Cir. 2012). We need not decide whether Walls was required to renew his motion for a judgment of acquittal despite the district court's deferred ruling on his initial request, as the result is the same under either standard.

In order to establish that a defendant is a felon in possession of a firearm, "the [G]overnment must prove that the defendant (1) has been convicted of a felony; (2) possessed a firearm in or affecting interstate commerce; and (3) knew that he was in possession of the firearm." *United States v. Ybarra*, 70 F.3d 362, 365 (5th Cir. 1995). Walls challenges only the third element of this offense. The evidence presented by the Government during its case-in-chief reflected that Walls was the only individual present in an automobile that he owned and that the firearm was in plain view sticking out from beneath the driver's seat. A reasonable jury could conclude from such evidence that Walls knew of the firearm's existence and had access to the weapon. *See United States v. Mudekunye*, 646 F.3d 281, 285 (5th Cir. 2011); *United States v. McKnight*, 953 F.2d 898, 902 (5th Cir. 1992). Because the Government's evidence was sufficient to support a conclusion that Walls knowingly possessed the firearm, the judgment of the district court is AFFIRMED.